

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-82,771-01, WR-82,771-02, WR-82,771-03, WR-82,771-04 & WR-82,771-05

### EX PARTE RODOLFO GARZA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 07-342, 07-343, 10-109, 10-110 & 10-111
### IN THE 130TH DISTRICT COURT
### FROM MATAGORDA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with evidence, three aggravated robberies, and two cases of engaging in organized criminal activity. He was sentenced to ten years' imprisonment for tampering with evidence, and to thirty-five years' imprisonment in each of the remaining cases. He did not appeal his convictions.

Applicant contends, among other things, that two of his sentences are illegal, and that counsel was ineffective for allowing him to plead guilty in exchange for illegal sentences. Applicant has

alleged facts that, if true, might entitle him to relief. The trial court has entered findings and conclusions recommending that two of the sentences be vacated. However, in these circumstances, additional facts are needed, and the writ record is incomplete. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to provide an additional response to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

It appears that these writ applications were prepared by a petitioner on Applicant's behalf. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The writ record currently contains adjudication judgments for Counts 1 and 2 of Cause No. 07-342. However, the writ record contains only one indictment for that Cause Number, which alleges a robbery of a disabled person. The trial court shall supplement the record with all applicable charging instruments in that cause. The trial court shall also supplement the record with any plea paperwork from Applicant's pleas in these cases.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that counsel's alleged mis-advice rendered his plea involuntary. The trial court shall make specific findings addressing how counsel advised Applicant concerning the applicable punishment ranges in Cause Numbers 10-110 and 07-342. The trial court shall make specific findings addressing whether the plea agreements in those causes were part of a larger "package deal," and, if so, the court

shall make findings as to the terms of the plea agreement. The court shall make specific findings addressing whether mis-advice, if any, rendered Applicant's guilty plea involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. Supplemental transcripts containing all charging instruments, plea agreement documentation, all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 17, 2015
Do not publish